IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KODIE R. STARKS                                                                                         PLAINTIFF

V.                                                    NO. 15-5234

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                          DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Kodie R. Starks, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income benefits (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his application for SSI on November 16, 2012, alleging disability since January 1, 2012, due to a brain aneurysm and problems walking and standing. (Doc. 9, pp. 155-160, 179, 183). An administrative hearing was held on February 13, 2014, at which Plaintiff appeared with counsel, and he and his mother testified. (Doc. 9, pp. 30-68).

By written decision dated June 12, 2014, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – mild spondylosis in his thoracic spine, early spondylosis in his lumbar spine, right middle cerebral artery (MCA) trifurcation aneurysm, neuropathy, borderline morbid obesity, major depressive disorder, generalized anxiety disorder and cognitive disorder. (Doc. 9, p. 16).

1

However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 9, p. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 416.967(a) except he can only occasionally climb, balance, stoop, kneel, crouch and crawl, and he must avoid hazards, including unprotected heights and heavy moving machinery. He is further limited and can perform work that involves simple, routine and repetitive tasks in a setting where interpersonal contact is incidental to the work performed and where the supervision is simple, direct and concrete.

(Doc. 9, p. 18). With the help of a vocational expert (VE), the ALJ determined that there were jobs that Plaintiff would be able to perform, such as waxer and vehicle escort driver. (Doc. 9, p. 24).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on August 5, 2015. (Doc. 9, pp. 5-7). Subsequently, Plaintiff filed this action. (Doc. 1). Both parties have filed briefs and this case is before the undersigned for report and recommendation. (Docs. 9, 10).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards

v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able

to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920, abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §416.920.

### III. Discussion:

The undersigned recommends that this matter be remanded to the ALJ for additional findings for the following reasons.

Plaintiff was born in 1988. (Doc. 9, p. 179). In 2012, Plaintiff began to suffer from weakness in his lower extremities, and in October of 2012, a MRI of his brain revealed an aneurysm. (Doc. 9, pp. 275-276). Plaintiff was examined by Dr. John Day at UAMS Neurosurgery Clinic on January 18, 2013, who assessed Plaintiff with probable thoracic myelopathy without evidence of cord compression and also possible right middle M1 branch aneurysm. (Doc. 9, p. 316). Dr. Day reassured Plaintiff's parents that "the lesion in his brain" was outright not the cause of the myelopathy and weakness in his legs. (Doc. 9, p. 316).

An examining consultant, Dr. Ahmad Al-Khatib, of Benton Neurocare, Inc., examined Plaintiff on March 26, 2013, and found that he had diminished pinprick and light sensation from his thighs to his feet; his gait was antalgic and unsteady, and he was unable to perform tandem walk or walk on his toes or heels. (Doc. 9, p. 340). Dr. Al-Khatib recommended imaging studies of Plaintiff's spine, and found he was moderately to severely limited in his ability to stand, walk, and carry. (Doc. 9, p. 340). Subsequent thereto, in April and June of 2013, non-examining consultants, Dr. Sharon Keith and Dr. Ronald Davis, completed Physical RFC Assessments, respectively, concluding that Plaintiff would be able

to perform sedentary work, with certain postural and environmental limitations. (Doc. 9, pp. 77, 92).

On December 2, 2013, Dr. John Marcus Heim, of The Orthopedic Center of Northwest, examined Plaintiff, and noted that he had a waddling gait (Trendelenburg) and ambulated with a cane; his heel-to-shin was impaired on the right and the left; his ankle reflex was diminished in both right and left; and he had decreased sensation of the right and left upper thighs, lower thighs, knees and medial legs and the sole of the feet and posterior legs. (Doc. 9, p. 354). Dr. Heim assessed Plaintiff with numbness of lower limb and abnormal gait, and stated that he believed his continuing bilateral lower extremity numbness was related to his aneurysm, and was going to refer Plaintiff to Dr. Moon for evaluation. (Doc. 9, pp. 354-355).

Based upon Dr. Heim's finding that Plaintiff should be referred to Dr. Moon for evaluation, and his belief that Plaintiff's continuing bilateral lower extremity numbness was related to his aneurysm, the Court finds this matter should be remanded to the ALJ in order for him to have Plaintiff submit to a neurological examination and evaluation. Once received, the ALJ should re-evaluate his RFC. The Court is also concerned about the ALJ's finding that Plaintiff would be able to perform the position of escort vehicle driver, considering the fact that there is substantial evidence that Plaintiff suffered from drop foot, numbness, and neuropathy in his legs and feet.

**IV.    Conclusion:**

Accordingly, the Court recommends that this matter be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to**

5

**file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      IT IS SO ORDERED this 12th day of October, 2016.

                    /s/ *Erin L. Setser*
                    HON. ERIN L. SETSER
                    UNITED STATES MAGISTRATE JUD